UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CHRISTOPHER JONES                                                                                           PLAINTIFF

V.                                                                           CIVIL ACTION NO. 3:25-CV-442-DPJ-ASH

THE HONORABLE TIFFANY GROVE, IN HER                                                         DEFENDANTS
INDIVIDUAL AND OFFICIAL CAPACITIES, ET AL.

REPORT AND RECOMMENDATION

Pro se Plaintiff Christopher Jones has filed a Motion for Leave to Proceed in Forma Pauperis (IFP) in this 42 U.S.C. § 1983 case. Mot. [2]. As explained below, the undersigned recommends Jones's motion be denied.

Title 28 U.S.C. § 1915(a)(1) permits the Court to "authorize the commencement . . . of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement . . . that the person is unable to pay such fees or give security therefor." The section "is designed to provide access to federal courts for plaintiffs lacking the financial resources to pay any part of the statutory filing fees." *Walker v. Miss. Dep't of Corr.*, No. 3:24-CV-341-TSL-MTP, 2024 WL 3506728, at *1 (S.D. Miss. June 27, 2024), *report and recommendation adopted*, 2024 WL 3504562 (S.D. Miss. July 22, 2024). "The Court must examine the [p]laintiff's financial condition in order to determine whether the payment of fees would cause an undue financial hardship." *Id.* (citing *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988)). "A plaintiff need not be destitute to proceed [IFP], but his poverty must prevent him from paying the filing fee and providing for himself and dependents (if any) with the necessities of life." *Cherry v. Comm'r of Soc. Sec.*, No. 2:23-CV-91-HSO-BWR, 2023 WL 5443492, at *1 (S.D. Miss. July 25, 2023), *report and recommendation adopted*, 2023 WL 5444790 (S.D. Miss. Aug. 23, 2023). The decision of whether to grant IFP "is left to the

sound discretion of the District Court." *Williams v. Beau Rivage*, No. 1:09-CV-272-HSO-JMR, 2009 WL 3431457, at *1 (S.D. Miss. Oct. 23, 2009).

Jones's financial affidavit indicate that he and his spouse[1] together have gross monthly income from Jones's self-employment of $2,500, a bank account that is overdrawn by $1,680, and monthly expenses of approximately $3,375, and that two minor children depend on them for support. At first blush, these numbers might indicate that Jones should be permitted to proceed IFP. But Jones claims two individuals owe him or his spouse a significant amount of money (nearly $50,000 in total). Though Jones did not claim to own any vehicles, he pays $980 a month for motor vehicle insurance and $600 a month in installment payments on one or more motor vehicle loans, suggesting he owns at least one undisclosed vehicle. And most significantly, Jones claims to own outright real property valued at $6,000,000.

Though "this asset may not be readily liquefiable," "if [Jones] were to sell this asset[] (or borrow against it) . . . the Court could not find him to be indigent." *Westley v. Alberto*, No. 13-2044, 2013 WL 12155306, at *1 (D. Minn. Aug. 7, 2013); *accord Justice v. Granville Cnty. Bd. of Educ.*, No. 5:10-CV-539, 2012 WL 1801949, at *3 (E.D.N.C. May 17, 2012) ("Even if plaintiff's assets are not liquid, the benefit of filing IFP was not intended to allow individuals with significant real and personal property interests to avoid paying a filing fee . . . in each case.").

In short, Jones's motion does not suggest that he cannot pay the fees associated with filing this lawsuit. Instead, it shows that he should be able to pay the $350 filing fee plus $55

---

[1] The Court assumes Jones has a spouse who does not work; rather than marking N/A in the boxes seeking information about his spouse's income, Jones filled in a few of those boxes with zeroes.

administrative fee without sacrificing the necessities of life if given a reasonable amount of time to tender the fees.

**Recommendation**

The undersigned therefore recommends:

1. That Jones's IFP motion be denied.

2. That Jones be given 30 days from the date an order adopting this Report and Recommendation is entered to pay both the $350 filing fee and the $55 administrative fee.

3. That this matter be dismissed without prejudice with no further notice if Jones fails to timely pay the $350 filing fee and the $55 administrative fee as ordered.

**Notice of Right to Object**

In accordance with Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636(b)(1), any party, within fourteen days after being served a copy[2] of this report and recommendation, may serve and file written objections to the recommendations, with a copy to the United States District Judge, the Magistrate Judge, and the opposing party. The District Judge at the time may accept, reject, or modify, in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to the undersigned with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court for which there is no objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Alexander v.*

---

[2] When a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court. *See* Fed. R. Civ. P. 5(b)(2)(C).

3

*Verizon Wireless Services, L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

    Respectfully submitted, this the 10th day of July, 2025.

                                            s/ *Andrew S. Harris*
                                            UNITED STATES MAGISTRATE JUDGE